**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MALIBU MEDIA, LLC,

Plaintiff,

v. CASE NO: 8:13-cv-3207-T-26TGW

JOHN DOE, subscriber assigned IP address 68.56.61.254,

Defendant.
_______________________________________/

**O R D E R**

Upon due consideration, it is ordered and adjudged that the Defendant's Motion for Protective Order and Motion to Quash (Dkt. 7) are denied based on the same reasoning and analysis utilized recently by the Court in Malibu Media, LLC v. John Does 1-18, 2014 WL 229295, at *5-9 (D. N.J. Jan. 21, 2014), in denying John Doe 14's motion to quash or vacate a subpoena issued by the same Plaintiff in this case to Comcast. The Court also denies the Defendant's Motion to Dismiss (Dkt. 7). The Court will not entertain any of the Defendant's arguments with regard to jurisdiction or venue until such time as the Defendant files an affidavit identifying the Defendant and where he/she resides. The Court will also not entertain any other argument directed to the sufficiency of the Plaintiff's complaint or its capacity to sue under

section 607.1622(8) of the Florida Statutes[1] until such time as the Defendant and his/her attorney enter a general appearance in this case.

**DONE AND ORDERED** at Tampa, Florida, on February 19, 2014.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

[1] But see Norman M. Morris Corp. v. Weinstein, 466 F.2d 137, 142 (5th Cir. 1972) (holding that a similar Florida statutory " provision does not limit the jurisdiction of the federal district courts in Florida. Only Congress has the prerogative of defining the jurisdiction of the lower federal courts. ")